UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GLOBAL SUPPLIES NY, INC.,

                                                      Plaintiff,

v.

ELECTROLUX HOME PRODUCTS,
INC., et al.

                                                      Defendants.

**MEMORANDUM AND ORDER**

19-CV-4823 (LDH) (CLP)

---

LASHANN DEARCY HALL, United States District Judge:

       Plaintiff Global Supplies NY, Inc. brings the instant action against Defendants Electrolux Home Products, Inc., ("Electrolux") and Simple Wishes LLC ("Simple Wishes") alleging tortious interference with existing and prospective business relationships.[1] Electrolux moves pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the amended complaint in its entirety for lack of personal jurisdiction, improper venue, and failure to state a claim. In the alternative, Electrolux moves pursuant to Rule 21 of the Federal Rules of Civil Procedure to sever the action and pursuant to 28 U.S.C. § 1404(a) to transfer the action to the Western District of North Carolina. Plaintiff cross-moves to transfer the action to the Western District of Washington. Simple Wishes likewise moves pursuant to Rule 12(b)(6) to dismiss the amended complaint in its entirety for failure to state a claim. In the alternative, Simple Wishes moves pursuant to Rule 12(f) to strike portions of the amended complaint.[2]

---

[1] The Court granted Plaintiff's motion to voluntarily dismiss its claim for trade libel pursuant to Fed. R. Civ. P. 41(a)(2) on June 25, 2020. (*See* June 25, 2020 Order.)

[2] Electrolux joins in Simple Wishes' motion to strike. (*See* Electr. Mem. L. Supp. Mot. Dismiss ("Electr. Mem.") 1, ECF No. 74-1.)

1

## BACKGROUND[3]

Plaintiff is a business located in New York that buys products from manufacturers and sells them online (Am. Compl. ¶ 2, ECF No. 37.) Plaintiff became a third-party seller on Amazon in 2010. (*Id*. ¶ 3.) Electrolux is a U.S. subsidiary of a Swedish home-appliance manufacturer located in Delaware and headquartered in North Carolina. (*Id*. ¶¶ 18, 19.) Electrolux is the owner of U.S. Patent No. 9,901,852—relating to a refrigerator that includes ice and water modules. (*Id*. ¶ 21.) Simple Wishes is a limited liability company located in Delaware and doing business in Texas and Connecticut. (*Id*. ¶ 30.) Simple Wishes is the owner of U.S. Patent No. 8,323,070—relating to a garment worn while pumping breastmilk (*Id*. ¶ 31.)

During the relevant period, Plaintiff listed approximately 1,000 name brand products on Amazon's website. (*Id*. ¶ 5.) Plaintiff sold over 3,000,000 units to Amazon's customers. (*Id*. ¶ 5.) According to Plaintiff, it reached $4.1 million in sales during its last six months with Amazon at a 12% net margin—or $492,000 in profits (*i.e.* monthly profits of $82,000). (*Id*. ¶ 5.) During the relevant period, Defendants and two other patent owners filed complaints with Amazon that Plaintiff had committed patent infringement by listing their patented products for sale ("IP Complaints"). (*See id*. ¶¶ 5, 23, 32–33.) Specifically, Simple Wishes filed an IP Complaint on May 23, 2018, and Electrolux filed an IP Complaint on August 9, 2018. (*Id*. ¶¶ 23, 32.) When an IP Complaint is filed as to a specific Amazon Standard Identification Number, any third-party seller of the corresponding product is deemed to have infringed the complainant's patent and is subject to sanctions by Amazon. (*Id*. ¶ 7.)

---

[3] The following facts are taken from the amended complaint and are assumed to be true for the purposes of this memorandum and order.

On April 29, 2019, Amazon permanently expelled Plaintiff from its platform, citing Electrolux and Simple Wishes' IP Complaints and Plaintiff's failure to secure withdrawal of their IP Complaints. (*Id.* ¶¶ 27, 41, 49.) Plaintiff alleges that "[a]s a direct result of such [IP Complaints], Plaintiff's thriving Amazon business was shuttered for 7–8 months and retains the stain of Defendants' fraudulent IP [C]omplaints." (*Id.* ¶ 5.) Plaintiff alleges "commercial and financial injury" "resulting from" Defendants' "libelous statements to Amazon" and "consequential tortious interference with Plaintiff's existing and prospective business relationship with Amazon[.]" (*Id.* ¶ 6.) Plaintiff commenced the instant action on August 22, 2019, asserting diversity jurisdiction and seeking damages for lost profits totaling $574,000; consultant expenses of $10,000 to achieve reinstatement; and lost inventory, storage charges, and other miscellaneous fees. (*Id.* ¶¶ 10, 52.)

## DISCUSSION

### I. Personal Jurisdiction over Electrolux and Venue in the Eastern District of New York

Electrolux argues that the action against it must be dismissed for lack of personal jurisdiction. (Electr. Mem. L. Supp. Mot. Dismiss ("Electr. Mem.") 1, ECF No. 74-1.) Incredibly, Plaintiff conceded that the Court lacks personal jurisdiction in its pleading and failed to oppose the argument in its opposition to Electrolux's motion to dismiss. (Am. Compl. ¶ 12; *see generally* Pl's Opp'n Electr. Mot. Dismiss ("Pl.'s Opp'n Electr. Mem.") ECF No. 75.) Plaintiff rightly recognized that jurisdiction in this venue is proper only if Electrolux waives personal jurisdiction. (Am. Compl. ¶ 12.) Electrolux is unwilling to do so. (Electr. Mem. 1.) As such, the case is ripe for dismissal. *See A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir. 1993) (stating that to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must show that the defendant is amenable to personal jurisdiction the venue). Pursuant

3

to 28 U.S.C §1406, a district court may dismiss an action commenced in the wrong district. 28 U.S.C. § 1406(a). Of course, if this Court were to find it in the interest of justice to do so, it could alternatively transfer this case to another appropriate district. *Id*. For the reasons discussed below—namely that the claims against Electrolux and Simple Wishes are time-barred—the interest of justice does not weigh in favor of transfer here. Accordingly, Plaintiff's claim against Electrolux is dismissed.

## II.     Failure to State a Claim Against Simple Wishes

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of defendants' liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted). Simple Wishes seeks dismissal of the action, arguing that Plaintiff's claim for tortious interference with existing and prospective business relationships is time-barred. ("Sim. Wish. Mem. L. Supp. Mot. Dismiss ("Sim. Mem.") 1–3, ECF No. 71.) The Court agrees.

When a plaintiff alleges economic harm as a result of interference with business relations, the three-year statute of limitations generally applicable to tort claims under New York law will apply. *See Classic Appraisals Corp. v. DeSantis*, 159 A.D.2d 537, 537–38, 552 N.Y.S.2d 402

4

(N.Y. App. Div. 1990) ("Inasmuch as the gravamen of the plaintiff's first cause of action is that the defendant's conduct interfered with prospective appraisal contracts, and inasmuch as the injury alleged is essentially to its economic interests rather than its reputation . . . the Supreme Court properly determined that the three-year Statute of Limitations applied . . . ."). That said, "New York law considers claims sounding in tort to be defamation claims where those causes of action seek damages only for injury to reputation, or where the entire injury complained of by plaintiff flows from the effect on his reputation." *Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (citation and modifications omitted). Under New York law, defamation claims are subject to a one-year statute of limitations. *McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (citing N.Y. C.P.L.R. § 215(3)). The claim accrues on the date of publication of the allegedly defamatory statement. *Firth v. State*, 98 N.Y.2d 365, 747 N.Y.S.2d 69, 775 N.E.2d 463, 464–65 (N.Y. 2002). Courts in this circuit have not hesitated to apply the one-year statute of limitations to claims characterized by the plaintiff as something other than defamation when the harm complained of is reputational or flows from the alleged reputational harm. *See, e.g.*, *Riddell Sports Inc. v. Brooks*, 872 F. Supp. 73, 76 (S.D.N.Y.1995) (dismissing on the grounds that the "one year [defamation] limitations period [applies] despite the labels which counter-plaintiffs apply to their [injurious falsehood] claims" since the essence of the claimed injury was one to reputation).

  Here, Plaintiff complains that as a direct result of Defendants' IP Complaints, Plaintiff's thriving Amazon business was shuttered for 7–8 months and retains the stain of Defendants' fraudulent IP Complaints. (Am. Compl. ¶¶ 5, 49.) Plaintiff further complains of "commercial and financial injury" "resulting from" Defendants' "libelous statements to Amazon." (*Id.* ¶ 6.) Notably, Plaintiff makes several allegations in the amended complaint that the harm alleged

5

results from Defendants' IP Complaints, including that the IP Complaints "directly" injured its business. (*See, e.g.*, *id*. ¶ 68; *see also id*. ¶ 48.) Indeed, Plaintiff points to Defendants' IP Complaints and Plaintiff's subsequent expulsion as what "destroyed the Amazon segment of Plaintiff's business," and resulted in lost profits and other expenses. (*Id*. ¶ 52.)

Based on these allegations, there is but one conclusion to be drawn—the commercial and financial injury complained of by Plaintiff flows directly from the harm on Plaintiff's reputation caused by the allegedly libelous IP Complaints. *See Deaton v. Napoli*, No. 17-CV-4592, 2019 WL 4736722, at *9 (E.D.N.Y. Sept. 27, 2019) (concluding that plaintiffs' alleged lost business relationship flowed directly from alleged defamatory statements where plaintiffs alleged they lost a business relationship because defendants disseminated accusations of infidelity and harassment); *Guelen v. Distinctive Pers., Inc.*, No. 11-CV-01204 (JG) (SMG), 2011 WL 3420852, at *5 (E.D.N.Y. Aug. 4, 2011) (concluding that plaintiff's defamation claim "is that [defendant] told lies to the client about [plaintiff], causing [the client] to lose confidence in [plaintiff] and to refuse to renew its contract with [plaintiff]" and that the same allegations support plaintiff's tortious interference claim); *Pasqualini v. MortgageIT, Inc.*, 498 F.Supp.2d 659, 669–70 (S.D.N.Y. 2007) (holding that claim for intentional interference with a prospective business advantage based wholly on dissemination of negative statements about plaintiff resulting in harm to her business reputation was in essence a defamation claim). Accordingly, Plaintiff's claim for tortious interference should be properly construed as a defamation claim subject to a one-year statute of limitations. *See id.* (applying one-year statute of limitations to claim for intentional interference with a prospective business advantage).

Plaintiff seeks to avoid this conclusion by arguing that the same allegations can simultaneously give rise to a claim for tortious interference and a claim for defamation. (Pl.'s

Opp'n Sim. Wish. Mot. Dismiss ("Pl.'s Opp'n") 13–14, ECF No. 72.) This is true, however, only if, among things, the plaintiff alleges an independent source of the alleged harm. *See Goldman v. Barrett*, 733 F. App'x 568, 571 (2d Cir. 2018). For example, in *Goldman v. Barrett*, the Second Circuit examined an alleged tortious interference claim that was premised on the same facts as an alleged defamation claim. *Id*. The court stated that even if the defendants did intend to both defame the plaintiffs and interfere with their business, the tortious interference claim was properly dismissed as duplicative of the defamation claim because the plaintiffs failed to allege an independent harm. *Id*.[4] Such is the case here.

Simple Wishes filed an IP Complaint on May 23, 2018. (Am. Compl. ¶ 23.) To be timely, any action against Simple Wishes based on that IP Complaint must have been commenced on or before May 23, 2019. Plaintiff commenced the instant action on August 22, 2019, rendering the claim time-barred. (ECF No. 1.) Plaintiff's claim against Simple Wishes is dismissed. Notably, any claim against Electrolux based on its IP Complaint filed on August 9, 2018, would also be time-barred.

---

[4] Tellingly, none of the cases cited by Plaintiff support the proposition that the same allegations in a complaint can simultaneously give rise to a claim for tortious interference and a claim for defamation absent an alleged independent harm. Indeed, Plaintiff's cases are wholly inapposite. *See Albert v. Loksen*, 239 F.3d 256, 276 (2d Cir. 2001) (reversing district court's grant of summary judgment on tortious interference with business relations claim because there existed a genuine issue of fact as to whether the defendant acted with common-law or actual malice in making false and defamatory statements about the plaintiff, and specifically whether the defendant was motivated by a desire to undermine the plaintiff's threats to report safety violations and other misconduct); *Purgess v. Sharrock*, 33 F.3d 134, 142 (2d Cir. 1994) (holding that there was sufficient evidence before the jury to hold defendants liable for tortious interference with business relations as the jury could reasonably infer defendants acted with malice and evidence in the record showed that defendants' statements about plaintiff injured his relationships); *Nat. Res. Media & Tech. Grp., LLC v. Snoop Youth Football League Found.*, No. 07-CV-7701 (SAS), 2008 WL 728650, at *4 (S.D.N.Y. Mar. 14, 2008) (denying motion to dismiss claim for tortious interference with contract where the complaint alleged that the defendant made a false statement with the intent of causing other parties to a contract with the plaintiff to issue similar statements). In any event, the argument advanced by Plaintiff is no longer relevant here, as Plaintiff's trade libel claim has already been dismissed.

**CONCLUSION**

For the foregoing reasons, Electrolux's motion to dismiss for lack of personal jurisdiction is GRANTED. Electrolux's motion to sever and motion to transfer are DENIED as moot. Simple Wishes' motion to dismiss for failure to state a claim is GRANTED. The amended complaint is dismissed in its entirety. Simple Wishes' motion to strike portions of the amended complaint is DENIED as moot. Plaintiff's motion to transfer is DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      March 23, 2021  LASHANN DEARCY HALL
                                 United States District Judge