UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GLOBAL SUPPLIES NY, INC.,

                            Plaintiff,

            -against-                                **REPORT AND RECOMMENDATION**
                                                          19 CV 4823 (LDH) (CLP)
ELECTROLUX HOME PRODUCTS, INC.,

                            Defendant.
----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

On August 22, 2019, plaintiff Global Supplies NY, Inc. ("Global Supplies") commenced this action against defendant Electrolux Home Products, Inc. ("Electrolux"),[1] alleging tortious interference with existing and prospective business relationships. ("Compl.").[2] On March 18, 2022, the Second Circuit remanded the case to the district court to transfer the action to an appropriate jurisdiction with respect to Electrolux. (See ECF No. 81). Currently pending before this Court is plaintiff's April 9, 2022 letter motion seeking to conduct discovery on the appropriate venue for this litigation. (See Discovery Mot.[3]). For the reasons set forth below, the Court respectfully recommends granting plaintiff's motion and, in the event that the district court adopts the Report, that the parties exchange document requests and interrogatories, limited to the issue of venue on or before 30 days after the district court rules on the Report.

---

[1] The Complaint also raised claims against defendant Simple Wishes LLC. However, on March 18, 2022, the Second Circuit remanded the case to the district court to enter a judgment of dismissal with respect to the claim against Simple Wishes. (See ECF No. 81, at 1). The Court notes that Simple Wishes LLC has not yet been dismissed from the case. However, this Report and Recommendation applies only to defendant Electrolux.

[2] Citations to "Compl." refer to the Complaint, dated Aug. 22, 2019 (ECF No. 1), which also raised claims against defendant Simple Wishes LLC.

[3] "Discovery Mot." refers to plaintiff's April 9, 2022 letter motion seeking to conduct discovery on the appropriate venue for this litigation. (See ECF No. 83).

DISCUSSION

A. Factual Background

As set forth in the Memorandum and Order of the Honorable LaShann DeArcy Hall, United States District Judge, plaintiff Global Supplies is a business located in New York that buys products from manufacturers and sells them online. (Order[4] at 2). Beginning in 2010, plaintiff became a third-party seller on Amazon's website of approximately 1,000 name brand products. (Id.) Defendant Electrolux, the owner of a U.S. Patent relating to a refrigerator that includes ice and water modules, filed a complaint with Amazon, alleging that plaintiff Global Supplies had committed patent infringement by listing Electrolux's patented products for sale. (Id.) On April 29, 2019, Amazon permanently expelled Global Supplies from its platform as a result of the complaint filed by Electrolux and the complaints filed by other patent owners who asserted similar allegations of infringement. (Id. at 3).

Global Supplies commenced this action against Electrolux, alleging injury from defendant's tortious interference with plaintiff's existing and prospective business relationship with Amazon. (Id.) The district court found that this Court lacks personal jurisdiction over Electrolux (see generally Order), and on remand, the Second Circuit ordered the court to transfer the case to the proper venue. (See ECF No. 81). Thereafter, on April 9, 2022, Global Supplies filed the instant discovery motion (see ECF No. 83), and on April 28, 2022, the Honorable LaShann DeArcy Hall, United States District Judge, referred this motion to the undersigned for a Report and Recommendation. (See Docket Entry, dated Apr. 28, 2022).

B. Analysis

Title 28, United States Code, Section 1404(a) provides that: "[f]or the convenience of the

---

[4] Citations to "Order" refer to the Memorandum and Order of the Honorable LaShann DeArcy Hall, United States District Judge, dated Mar. 23, 2021, ECF No. 77.

2

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented."  Courts consider a variety of factors in determining a motion to transfer venue, including:  "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, . . . [and] (7) the relative means of the parties."  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation mark and citation omitted).  In addition, courts consider "the forum's familiarity with the governing law, . . . trial efficiency, . . . and the interest of justice."  Mazuma Holding Corp. v. Bethke, 1 F. Supp. 3d 6, 29 (E.D.N.Y. 2014).  The party seeking to transfer a matter to a particular venue must establish its position by "clear and convincing" evidence.  N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d at 113-14.

  Plaintiff Global Supplies, a citizen of New York, contends that the Western District of Washington is the appropriate venue because the "gravamen of the case are libelous intellectual property complaints made by defendant[] to Amazon . . . in the State of Washington." (Pl.'s Trans. Mot.[5] at 1).  Plaintiff contends that Amazon's headquarters are in Washington; the decision to expel plaintiff from the Amazon platform was made or recorded in Washington; and the "[k]ey witnesses and documents are in Washington."  (Id. at 1, 3).

  Electrolux opposes the transfer to the Western District of Washington, arguing that the appropriate district for transfer is the Western District of North Carolina, where Electrolux's

---

[5] Citations to "Pl.'s Trans. Mot." refer to Global Supplies NY, Inc.'s Motion for Transfer of Venue Under 28 U.S.C. § 1404(a), dated Apr. 27, 2020, ECF No. 55.

3

headquarters are located. (Def.'s May 4, 2020 Ltr.[6] at 2). According to defendant, transfer to Washington would impose significant burdens on Electrolux and on its witnesses, who are also located in North Carolina. (Id. at 1-2). In the alternative, Electrolux suggests that the action be transferred to the District of Delaware where both defendant and Amazon are incorporated. (Id. at 1).

Plaintiff now seeks an opportunity to conduct to conduct discovery on a number of issues relating to the appropriate venue, noting that defendant, in challenging plaintiff's choice of Washington as the proper venue for transfer, raised a number of challenges based on speculative or unknown information. (Discovery Mot. at 1-2). For example, defendant challenged plaintiff's assertion that the availability of Amazon witnesses in Washington justified venue in Seattle, claiming that plaintiff's argument was "speculative." (Id. at 1). Defendant also asserted that with respect to document discovery, that should not factor into the analysis because it is "unknown" where the Amazon documents might be or the quantity of such documents. (Id. at 1-2). Defendant also argued that a transfer to Washington would "massively increas[e] the inconvenience to Electrolux witnesses." (Id. at 2). In response, plaintiff contends that defendant's challenges to plaintiff's venue arguments are themselves unsubstantiated and speculative. (Id.) Plaintiff argues that by "portraying [plaintiff's] venue-setting factors as speculative, unknown, and unsubstantiated claims of inconvenience," defendant has "evidence[d] a need for discovery." (Id.) Defendant opposes any venue-related discovery and further briefing on the issue. (See ECF No. 84).

Having reviewed the papers submitted by the parties to date, the Court agrees with plaintiff that a certain amount of discovery into the various factors informing the court's choice

---

[6] Citations to "Def.'s May 4, 2020 Ltr." refer to the May 4, 2020 letter submitted by Electrolux in opposition to plaintiff's motion for transfer of venue. (ECF No. 60).

4

of venue is appropriate in this case. While the briefing on the prior motion before the district court raised the issue of venue to a certain extent, the earlier motion also focused on questions of personal jurisdiction, plaintiff's alleged failure to state a claim against former co-defendant Simple Wishes, and whether the claims were time-barred. Since the court has now been directed to focus on the appropriate choice of venue for transfer, plaintiff has identified certain areas in which defendant has argued that the factors have favored defendant's choice of venue in North Carolina and challenged plaintiff's arguments on certain factors, but without any providing any supporting facts or specific details.

Accordingly, the Court respectfully recommends that the parties engage in discovery limited to the factors informing choice of venue. If the district court adopts the Report, any party intending to seek discovery into these issues shall serve document requests and interrogatories within 30 days of the district court's order.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: October 18, 2022
      Brooklyn, New York

*Cheryl L. Pollak*
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York